UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on September 15, 2023

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. _____ |
| | : | |
| v. | : | UNDER SEAL |
| | : | |
| HERNAN DOMINGO OJEDA LOPEZ, | : | 21 U.S.C. §§ 959(a), 960, and 963 |
| also known as "Domingo Hernan Ojeda Lopez," and "Coralles," | : | (Conspiracy to Manufacture and Distribute Four Hundred Grams or More of Fentanyl for Importation into the United States) |
| | : | |
| and | : | 21 U.S.C. §§ 959(b), 960, and 963 |
| | : | (Conspiracy to Distribute a Listed Chemical |
| HERNAN GEOVANI OJEDA ELENES, | : | for the Manufacture for Unlawful Importation of a Controlled Substance) |
| also known as "Inge," | : | |
| | : | 21 U.S.C. §§ 853 and 970 |
| Defendants. | : | (Forfeiture) |

## INDICTMENT

The Grand Jury charges that:

## COUNT ONE

Beginning in or around 2019, and continuing thereafter, up to and including the date of the filing of this Indictment, the exact dates being unknown to the Grand Jury, in the countries of Mexico, the United States, and elsewhere, the Defendants **HERNAN DOMINGO OJEDA LOPEZ, also known as "Domingo Hernan Ojeda Lopez" and "Coralles" and HERNAN GEOVANI OJEDA ELENES, also known as "Inge,"** together with others known and unknown to the Grand Jury, did knowingly, intentionally, and willfully combine, conspire, confederate, and agree to manufacture and distribute four hundred (400) grams or more of a mixture and substance containing a detectable amount of fentanyl (N-phenyl-N- [1- ( 2-phenylethyl ) -4-piperidinyl] propanamide), a Schedule II controlled substance, intending, knowing, and having reasonable

cause to believe that such substance would be unlawfully imported into the United States, in violation of Title 21, United States Code, Sections 959(a) and 960, all in violation of Title 21, United States Code, Section 963.

With respect to the Defendants, the controlled substances involved in the conspiracy attributable to the Defendants as a result of their own conduct, and the conduct of other conspirators reasonably foreseeable to them, is four hundred (400) grams or more of a mixture and substance containing a detectable amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide), in violation of Title 21, United States Code, Section 960(b)(1)(F).

> (Conspiracy to Manufacture and Distribute 400 Grams or More of Fentanyl, Intending, Knowing, and Having Reasonable Cause to Believe That Such Substance Would be Unlawfully Imported into the United States, in violation of Title 21, United States Code, Sections 959(a), 960(b)(1)(F), and 963.)

## COUNT TWO

Beginning in or around 2020, and continuing thereafter, up to and including the date of the filing of this Indictment, the exact dates being unknown to the Grand Jury, in the countries of Mexico, the United States, and elsewhere, the Defendant **HERNAN GEOVANI OJEDA ELENES, also known as "Inge,"** together with others known and unknown to the Grand Jury, did knowingly, intentionally, and willfully combine, conspire, confederate, and agree to distribute List I chemicals, that is 4-Piperidone and N-Phenylpiperidin-4-amine, intending and knowing that such chemicals would be used to manufacture a controlled substance, that is fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide), a Schedule II controlled substance, and intending, knowing, and having reasonable cause to believe that the controlled substances would

be unlawfully imported into the United States, in violation of Title 21, United States Code, Sections 959(b) and 960, all in violation of Title 21, United States Code, Section 963.

(Conspiracy to Distribute a Listed Chemical for Manufacture of a Controlled Substance, in violation of Title 21, United States Code, Sections 959(b), 960, and 963.)

## FORFEITURE ALLEGATION

The United States hereby gives notice to the Defendants that upon conviction of the Title 21 offense alleged in Count One and Two of this Indictment, the Government will seek forfeiture in accordance with Title 21, United States Code, Sections 853 and 970, of all property constituting or derived from any proceeds the Defendants obtained directly or indirectly as the result of the alleged Title 21 violation, and all property used or intended to be used in any manner or part to commit, or to facilitate the commission of such offense.

If any of the above-described forfeitable property, as a result of any act or omission of the Defendants:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third person;

    (c)    has been placed beyond the jurisdiction of the Court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the said Defendants up to the value of the above forfeitable property.

(Criminal Forfeiture, in violation of Title 21, United States Code, Sections 853 and 970.)

A TRUE BILL:

_____
Foreperson

MARLON COBAR
Chief, Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice

By: _____
KATE M. NASEEF
MINGDA HANG
Trial Attorney
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice
Washington, D.C. 20530